**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEON JONG YOO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN BARKER, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 22-1656 (MAS) (RLS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Plaintiff Heon Jong Yoo's ("Plaintiff") Complaint raising claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. (Compl., ECF No. 1.)

In March 2022, Plaintiff filed this action in the Eastern District of Texas against Defendants Brian Barker ("Barker"), FBI NICS ("FBI"), HMH Carrier Clinic, Inc.[1] ("HMH Carrier Clinic"), Rutgers, the State University of New Jersey[2] ("Rutgers"), Asma Nissar ("Nissar"), Robert Wood Johnson University Hospital ("RWJUH"), and the Somerset County Clerk ("Clerk"). (*Id.*) Shortly after the Complaint was filed, the Honorable K. Nicole Mitchell, U.S.M.J., transferred the case to this Court. (Transfer Order, ECF No. 5.)

At the core of the Complaint are two separate incidents that occurred in 2013 and 2015. (*See* Pl.'s Supp. Statement, ECF No. 1-2, annexed to Compl. as Exhibit 2.) Each incident arises

---

[1] Improperly pled as Carrier Clinic.

[2] Improperly pled as Rutgers University Police Department.

from the same general facts. (*Id.*) In April 2013 and September 2015, respectively, members of the Rutgers University Police Department transported Plaintiff to RWJUH for a mental health screening. (*Id.* at 1-2.) Both times, mental health professionals at RWJUH arranged for Plaintiff's involuntary commitment to HMH Carrier Clinic, in accordance with New Jersey's *ex parte* procedure for temporary civil commitment pending a court hearing. (*See id.* at 4.) *See also* N.J. Stat. Ann. § 30:4-27.10. Plaintiff alleges that the mental health screeners at RWJUH "lied on their reports" causing his transfer and involuntary commitment at HMH Carrier Clinic. (Compl. 4.) Plaintiff was released on each occasion prior to his scheduled court hearing. (*Id.*)

After these events unfolded, the Clerk transferred Plaintiff's mental health records[3] to Barker, in his capacity as Custodian of Records for the FBI's National Instant Criminal Background Check System ("NICS"). (Clerk's Moving Br. 2, ECF No. 38-1; *see also* Decl. of Andrew Boccio, Esq. in Supp. of Barker's Mot. Dismiss, Ex. C, ECF No. 46-2.) Plaintiff alleges that, upon receipt of Plaintiff's mental health records, Barker improperly labeled Plaintiff as "adjudicated [] mentally defective." (Pl.'s Supp. Statement 6-7.) This allegedly caused the FBI's NICS database to contain entries that Plaintiff was "[a]djudicated mentally defective/committed to a mental institution" in 2013 and 2015. (*Id.* at 6.) As a result of these entries, Plaintiff asserts that he was not able to enlist in the United States Military or purchase firearms. (Compl. 4.)

---

[3] The Clerk notes that it was required to transmit Plaintiff's mental health records under N.J. Stat. Ann. § 30:4-24.3(a), which is "designed to comply with the federal NICS Improvement Amendment Act and the Brady Handgun Violence Prevention Act of 1993." (Clerk's Moving Br. 5.)

The Complaint brings claims against Defendants seeking monetary damages and related relief for "depriv[ation] of [Plaintiff's] Second Amendment rights." (*Id.*) With the exception of Nissar and RWJUH[4], each named Defendant has answered, moved, or otherwise responded to the Complaint. Rutgers, the Clerk, and Barker have filed separate motions to dismiss. (*See* Rutgers' Moving Br., ECF No. 35; Clerk's Moving Br.; Barker's Moving Br., ECF No. 46.) Barker and the Clerk each raise statute of limitations defenses in their respective motions. (Clerk's Moving Br. 6-7; Barker's Moving Br. 25, n.13.)

Plaintiff sues state and federal actors under § 1983 and *Bivens*—both of which are governed by New Jersey's two-year statute of limitations for personal-injury actions. *See* N.J. Stat. Ann. § 2A:14-2 (noting that New Jersey's statute of limitations for personal injury actions is two years); *see also Burke v. MacArthur*, No. 15-6093, 2015 WL 5970725, at *4 (D.N.J. Oct. 13, 2015) ("[T]he statute of limitations for a *Bivens* action, like a § 1983 action, is governed by the statute of limitations for personal injury torts under state law where the injury occurred.") (citations omitted); *Brown v. Tollackson*, 314 F. App'x 407, 408 (3d Cir. 2008) (noting that the same statute of limitations applies to actions under *Bivens* and § 1983).

The Court observes that the alleged wrongful acts identified in the Complaint appear to have taken place in 2015 or earlier (Pl.'s Supp. Statement 5-6), but Plaintiff did not file his Complaint until March 15, 2022. Thus, absent tolling, the statute of limitations bars Plaintiff's claims and any related claims with a two-year statute of limitations that began to accrue prior to March 15, 2020.

---

[4] The Summons was returned "unexecuted" as to RWJUH. (*See* ECF No. 32.)

Recognizing this deficiency, Plaintiff appears to argue in his submissions that the Court should excuse his late filing and that the statute of limitations should be tolled under the "continuing violation doctrine". (*See* Compl. 3; *see also* Pl.'s Opp'n Br. 3, ECF No. 42.) "The continuing violation[] doctrine is an equitable exception to the statute of limitations." *Spencer v. Courtier*, 552 F. App'x 121, 123 (3d Cir. 2014). It postpones the running of the statute of limitations "when a defendant's conduct is part of a continuing practice." *Randall v. City of Phil. Law Dep't*, 919 F.3d 196, 198 (3d Cir. 2019) (quoting *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir. 2001)).

It is well settled, however, that the continuing violation doctrine relies on "a *defendant's* continued *acts*, not a *plaintiff's* continuing *injury*." *Id.* (first and third emphasis in original). In other words, "the continuing-violation doctrine focuses on continuing *acts*, not *effects*." *Id.* at 199 (citations omitted) (emphasis in original). It follows that—to demonstrate that this action was timely filed—it must be shown that a defendant committed at least one *affirmative act* within the statute of limitations, and "that this [act] was part of a continuing practice" to violate the plaintiff's rights. *Id.* (emphasis added).[5]

Accordingly, Plaintiff's Complaint is hereby dismissed without prejudice. Plaintiff must file an Amended Complaint including sufficient allegations that this matter was timely filed within the applicable statute of limitations. As stated, Plaintiff must sufficiently allege

---

[5] As a preliminary comment, Plaintiff argues he is continuing to face the *effects* of the entries declaring him a mental defective in the FBI's NICS database, but it appears he has not alleged any acts taken by Defendants since 2015. (*See generally* Compl; Pl.'s Supp. Statement.) The Court nevertheless grants Plaintiff an opportunity to amend his Complaint to show that Defendants engaged in affirmative acts within the statute of limitations period.

4

that each Defendant undertook affirmative acts within the statute of limitations period, *i.e.*, within two years of when he filed the Complaint on March 15, 2022.

**IT IS THEREFORE** on this 15th day of April 2024, **ORDERED** as follows:

1. The Complaint is dismissed in its entirety against Defendants without prejudice.

2. Plaintiff is granted leave to file an Amended Complaint. Plaintiff has thirty (30) days to file an Amended Complaint.

3. If Plaintiff does not file an amended pleading within that time, the matter will be dismissed with prejudice.

4. The Clerk of Court is directed to administratively terminate ECF Nos. 25, 35, 38, 43, and 46.

5. The Clerk of Court shall serve a copy of this Memorandum Order upon Plaintiff by regular U.S. Mail.

                                                  /s/ Michael A. Shipp
                                                  MICHAEL A. SHIPP
                                                  UNITED STATES DISTRICT JUDGE