**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEON JONG YOO,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>BRIAN BARKER, *et al.*,<br><br>　　　　　　　　　Defendants. | Civil Action No. 22-1656 (MAS) (RLS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

　　　This matter comes before the Court upon Plaintiff Heon Jong Yoo's ("Plaintiff") pro se Motion for Reconsideration of the Court's April 15, 2024 Memorandum Order (the "April Order") dismissing Plaintiff's Complaint without prejudice. (ECF No. 50.) Opposition briefs were filed by Defendants the Somerset County Clerk (ECF No. 51); HMH Carrier Clinic, Inc.[1] (ECF No. 52); Brian Barker and the FBI National Instant Criminal Background Check System (ECF No. 53); and Rutgers, the State University of New Jersey ("Rutgers")[2] (ECF No. 54) (collectively "Defendants"). Plaintiff replied.[3] (ECF No. 56.) The Court has carefully considered the parties'

---

[1] HMH Carrier Clinic, Inc. states that it has been improperly named in the Complaint as Carrier Clinic. (*See* ECF No. 40.) Neither party has moved to amend the caption to date.

[2] Rutgers states that it has been improperly named in the Complaint as Rutgers University Police Department. (*See* ECF No. 54.) Neither party has moved to amend the caption to date.

[3] The Court notes that Plaintiff filed a Motion for an Extension of Time to File a Reply (ECF No. 55), and Plaintiff subsequently filed a reply on July 10, 2024 (ECF No. 56). The Court hereby terminates Plaintiff's motion as moot.

submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, Plaintiff's Motion for Reconsideration is denied as moot.

On April 15, 2024, the Court dismissed Plaintiff's Complaint without prejudice and allowed Plaintiff to file an amended complaint within thirty days. (ECF No. 47.) Instead, on May 1, 2024, Plaintiff appealed the April Order to the Third Circuit. (ECF No. 48.) At that time, the Third Circuit did not have jurisdiction because the April Order did not dismiss the Complaint with prejudice. The Third Circuit, accordingly, informed Plaintiff that it did not yet have jurisdiction (Pl.'s Reply Br. 1-2, ECF No. 56), and Plaintiff thereafter filed the instant Motion for Reconsideration on June 2, 2024[4] (Pl.'s Moving Br., ECF No. 50). While the Motion for Reconsideration was pending in this Court, the Third Circuit summarily affirmed the April Order. (*See generally* Third Circuit Op., ECF No. 59-2.) In its decision, the Third Circuit noted that even though this Court dismissed Plaintiff's Complaint without prejudice, "[Plaintiff] did not file an amended complaint within the [thirty]-day period, and he thereby elected to stand on his complaint," which made the April Order final for purposes of 28 U.S.C. § 1291. (Third Circuit Op. 3 (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 n.5 (3d Cir. 1992)).) The April Order therefore became final after May 15, 2024.

In general, filing a timely notice of appeal automatically divests the district court of jurisdiction and transfers jurisdiction to the appellate court. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (noting that a timely notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"). When Plaintiff chose to stand on his Complaint by failing to file an

---

[4] The Court notes that Plaintiff's Motion for Reconsideration was untimely whether brought under either Local Civil Rule 7.1(i) or Federal Rule of Civil Procedure 59(e).

amended complaint by May 15, 2024, the April Order became final for purposes of 28 U.S.C. § 1291, and this Court was divested of jurisdiction to consider Plaintiff's Motion for Reconsideration. The Third Circuit then summarily affirmed the April Order, rendering Plaintiff's Motion for Reconsideration moot. *See Sanders v. Rose*, No. 10-1241, 2014 WL 12909034, at *1 (M.D. Pa. Aug. 26, 2014) (dismissing as moot a pending motion to alter the court's judgment under Federal Rule of Civil Procedure 59(e) that plaintiff filed subsequent to filing a notice of appeal where the Third Circuit issued an order concerning the district court's judgment). The Court accordingly denies Plaintiff's Motion for Reconsideration as moot.

**IT IS** on this 10th day of December 2024, **ORDERED** as follows:

1. Plaintiff's Motion for Reconsideration (ECF No. 50) is **DENIED** as moot.

2. The Clerk shall terminate Plaintiff's Motion for an Extension of Time to File a Reply. (ECF No. 55.)

_____<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**